Argued and submitted November 16, 1981, affirmed January 6, 1982

# DENORA,
*Appellant,*

*v.*

# FISCHER ENGINEERING & MAINTENANCE COMPANY, INC. et al,
*Defendants,*
# PARSONS et al,
*Respondents.*

(No. 41-381, CA A20360)

638 P2d 490

Ronald Allen Johnston, Portland, argued the cause for appellant. With him on the briefs was McCormick & Reynolds, Portland.

Alonzo P. Stiner, Portland, argued the cause for respondents Norman E. Parsons, Edward E. Atiyeh, Richard A. Atiyeh, Victor G. Atiyeh, and Robert L. McFarlane, co-partners, dba Revan Co. With him on the brief was Lovett & Stiner, Portland.

James N. Westwood, Portland, argued the cause for respondents Alois Tellian, aka Louis Tellian, and Mary

Tellian. With him on the brief were Bruce A. Rubin, and Miller, Nash, Yerke, Wiener & Hager, Portland.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Plaintiff brought this action in July, 1980, against present and former owners of property abutting her own. She sought injunctive relief and damages for trespass and nuisance resulting from the erosion of an earth embankment onto her property. According to plaintiff, "[t]his erosion trespass began in 1964 and has continued unabated to this date." The trial court granted summary judgments in favor of certain former owners of the abutting property, who had conveyed their interests in that property in June, 1967, and April, 1974, respectively. The basis for the trial court's rulings was that the action was not commenced against those defendants within the six-year trespass statute of limitations. ORS 12.080(3).

Plaintiff appeals the summary judgments.[1] She argues that the statute of limitations has not run as to her causes of action against the former owners, because the trespass is a continuing tort which is causing ongoing injury. The most recent Oregon Supreme Court decision which relates to continuing torts and their effect on the running of statutes of limitations is *Davis v. Bostick*, 282 Or 667, 580 P2d 544 (1978).[2] The court there stated, as dictum:

> "The closest analogy [to the issue in *Davis*] seems to be trespass and nuisance cases. However, situations of continuing trespass arise out of the permanence, usually physical, of the trespassory thing and nuisance arises by definition when the conduct constituting the unreasonable invasion of the complainant's use and enjoyment of land begins. In either type of case it is clear that the statute of limitations begins to run when the trespass or interference originates, because *the* cause of action has accrued. *See* Dobbs, Remedies (1973), § 5.4, p 343. * * * " (Emphasis in original; footnote omitted.) 282 Or at 673.

That dictum correctly states the law; therefore, the statute of limitations barred plaintiff's action against the defendants for whom summary judgment was granted.

Affirmed.

---

[1] The trial court certified the judgments as final pursuant to ORS 18.125.

[2] None of the parties cited this case.